IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| DANIEL ALONZO MYERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV 624-012 |
| ROBERT ADAMS, Warden, Jenkins Correctional Facility, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 12.) The Magistrate Judge recommended dismissing the case because Plaintiff (1) failed to state a claim against Defendant Adams, the Warden of Jenkins Correctional Facility ("JCF"), and (2) failed to exhaust his administrative remedies as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). (See doc. no. 10.) Plaintiff's objections are unavailing. However, for the sake of completeness, the Court adds two clarifying comments to the Magistrate Judge's analysis.

First, the scrivener's error on page one regarding the name of the JCF Warden does not change the substantive analysis which explains Warden Adams, the only named Defendant, cannot be held liable because he was not mentioned in the statement of claim and

because as a supervisory official, he cannot be held vicariously liable.  (Id. at 1, 4-6.) Second, even if Plaintiff had mentioned Warden Adams or otherwise provided sufficient details alleging Warden Adams had actually participated in the alleged constitutional violation or demonstrating a causal connection between his actions and the alleged constitutional violation, the case must still be dismissed because Plaintiff failed to exhaust administrative remedies prior to filing this lawsuit, as is required by the PLRA.[1] (Id at 6-11.)

As the Magistrate Judge explained, regardless of the timing of Plaintiff's filing an original grievance, (id. at 9 & n.2), it is clear from the face of the complaint Plaintiff did not file a central office appeal after he allegedly failed to receive a timely response to the original grievance, (doc. no. 1, pp. 6-7).  In his objections, Plaintiff asserts his original grievance was answered on March 12, 2024, and he "appealed it the very next day." (Doc. no. 12, p. 2.) As of the date he signed his objections, June 17, 2024, Plaintiff had not received a response. (Id.)  Indeed, the 120 days for the Commissioner or his designee to provide a response after receipt of the appeal had not yet expired as of June 17th.  (See doc. no. 10, p. 9.)  Thus, Plaintiff's objections confirm what was clear from the face of the complaint:  he did not complete the grievance process prior to signing his complaint on March 5, 2024, (doc. no. 1, p. 11).

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein, as its opinion, **DISMISSES**

---

[1] Because of Plaintiff's failure to exhaust, it would be futile, and therefore unnecessary, to give Plaintiff an opportunity to amend prior to dismissal to provide additional details about the alleged actions of Warden Adams referenced in the objections.  See Wade v. Daniels, 36 F.4th 1318, 1328 (11th Cir. 2022); Silberman v. Miami Dade Transit, 927 F.3d 1123, 1132 (11th Cir. 2019).

2

this case for failure to state a claim upon which relief can be granted, and **CLOSES** this civil action.

SO ORDERED this \_\_8th\_\_ day of July, 2024, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA